IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GIOVANNI CARANDOLA, LTD., a       )
North Carolina Corporation        )
d/b/a Christie's Cabaret,         )
Y.K. ENTERPRISES, INC.,            )
a North Carolina corporation      )
d/b/a Southside Johnnie's,        )
REESAW, INC., a North Carolina    )
Corporation d/b/a Chester's       )
Premier Gentlemen's Club,         )
E.K.'S II, INC., a North          )
Carolina Corporation d/b/a        )
Harper's II, CARL EDWARD          )
COLLINS, d/b/a Harper's           )
Exotic Car Wash, SIMPLY           )
EXPLICIT, L.L.C., a North         )
Carolina Corporation, TREASURE    )
BOX, Inc., a North Carolina       )
Corporation, d/b/a Xanadu         )
Video and Boutique,               )
                                  )
     Plaintiffs,                  )
                                  )
     v.                           )    1:05CV1166
                                  )
THE CITY OF GREENSBORO, a         )
North Carolina Municipal          )
Corporation,                      )
                                  )
     Defendant.                   )
```

MEMORANDUM OPINION and ORDER

Plaintiffs, operators of adult-oriented businesses around Greensboro, North Carolina, filed this action seeking relief from ordinances that Defendant City of Greensboro ("Defendant") promulgated and enforced. Pending before this court is a motion for summary judgment from Plaintiffs Giovanni Carandola, Ltd., Y.K. Enterprises, Inc., Reesaw, Inc., E.K.'s II, Carl Edward Collins, and Treasure Box, Inc. ("Plaintiffs") on the amended

complaint's third count. For the reasons stated below, the court will grant Plaintiffs' motion.

## I. FACTS

Plaintiffs' adult-oriented businesses market erotic-dance presentations and sexually explicit publications. When these businesses commenced operations, they were in compliance with Defendant's then-existing ordinances. Defendant contends that Plaintiffs' businesses, however, violate a recently adopted ordinance.

Defendant first regulated adult-oriented businesses in 1995. During October 2001, Defendant passed an amending ordinance that expanded the distance adult-oriented establishments must be from certain properties. <u>See</u> City of Greensboro, N.C., Dev. Ordinance § 30-5-2.73.5 (as amended Oct. 16, 2001). That section bans, through various ways, adult-oriented businesses from locating in certain places. Section 30-5-2.73.5(B), as currently in effect under the 2001 amendment, requires the following:

> (1) No sexually oriented business shall locate within one thousand two hundred (1,200) feet of any other sexually oriented business.
>
> (2) No sexually oriented business shall locate within one thousand (1,000) feet of a church, public or private elementary or secondary school, child day care center or nursery school, public park, or residentially zoned property.

Section 30-5-2.73.5(G) gives businesses a time limit in which to discontinue nonconforming uses.

Defendant interprets section 30-5-2.73.5(B) to apply to existing businesses, not just newly created businesses. Thus,

2

Defendant's interpretation requires all adult-oriented businesses, though not violating any ordinance prior to the 2001 amendments, to comply with subsection (B) after its enactment. Plaintiffs, whose businesses do not conform to Defendant's interpretation of subsection (B), seek a declaration that this interpretation is incorrect as a matter of law.

**II. ANALYSIS**

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986). The parties do not dispute any facts. The issue is purely one of statutory interpretation. When a "dispute ultimately turns entirely on a question of statutory interpretation, the district court [can] properly proceed[] to resolve the case on summary judgment." <u>United States v. West Virginia</u>, 339 F.3d 212, 214 (4th Cir. 2003).

The court first examines the ordinance's plain language. "When construing a statute so explicit in scope, a court must act within certain well-defined constraints. If a legislative purpose is explained in 'plain and unambiguous language, . . . the . . . duty of the courts is to give it effect according to its terms.'" <u>Ruhe v. Bergland</u>, 683 F.2d 102, 104 (4th Cir. 1982) (alterations in original) (quoting <u>United States v. Rutherford</u>,

3

442 U.S. 544, 551, 99 S. Ct. 2470, 2475 (1979)); accord, e.g., South Carolina Dep't of Health & Envtl. Control v. Commerce & Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) ("In resolving issues of statutory construction, we are obliged to begin with the language of a statute. If the statute is clear, 'judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished.'" (quoting Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475, 112 S. Ct. 2589, 2594 (1992)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S. Ct. 843, 846 (1997).

Section 30-5-2.73.5(B) requires that "[n]o sexually oriented business shall locate within" a certain distance of other properties. City of Greensboro, N.C., Dev. Ordinance § 30-5-2.73.5(B) (emphasis added.) On its face, the ordinance unambiguously makes the act of locating within a certain place unlawful. Contrary to Defendant's arguments, the ordinance bans only the active, future establishment of prohibited businesses. A business established before the amendment cannot "locate" within a certain area because such businesses have already located in the area. To thereafter "locate" in this ordinance's meaning, further action such as relocation is required. "Shall locate," thus, does not mean "shall have located prior to this amendment" because such a meaning is illogical.

4

Moreover, applying part of the ordinance dictates that "locate" must apply only to adult-oriented businesses that locate or establish after the amendment's enactment. The ordinance, in part (1), bans one adult-oriented business from locating too closely to another adult-oriented business; for example, one business is first rightfully present, and then another, newly located business is too close. If two businesses are too close to each other prior to the amendment, the law would not define which of the two was nonconforming. Both cannot be nonconforming because the law forbids <u>one</u> business from being too closely placed <u>to another</u> rightfully present business. Since the law, under Defendant's interpretation, would bar this conduct without resolving which one is nonconforming, Defendant's interpretation is untenable.[1] The ordinance's plain language bars locating an adult-oriented business within the specified distances after the ordinance's enactment.

This reading is reasonable in light of the section's other uses of "locate." Subsection (C) of that same section states that "[n]o sexually oriented business <u>shall be permitted to be located</u> in the Old Greensborough National Register Historic

---

[1] The court notes that section 30-5-2.73.5(B)(2) bars one "sexually oriented business" from locating too closely to "a church, public or private elementary or secondary school, child day care center or nursery school, public park, or residentially zoned property." In this case, the problematic application does not exist. However, this does not concern the court because no party argues that (1) and (2) of section 30-5-2.73.5(B) have different meanings of "shall locate." Thus, implicit in this entire opinion is that "shall locate" has a consistent meaning within, at least, section 30-5-2.73.5(B).

5

District."  City of Greensboro, N.C., Dev. Ordinance § 30-5-2.73.5(C) (emphasis added).  "Locate" is used in a different form and context in this subsection; instead of merely stating no business "shall locate" in the historic district, it states that no business "shall be permitted to be located."  "Shall be permitted to be located" means that a business cannot exist in the historic district at all.  "Located" in this sentence is the act of merely being or existing within the specific area, whenever the being or existing commenced.  Under Defendant's proffered interpretation, "shall be permitted to be located" and "shall locate" would have the exact same meaning because both forms would cover the act of merely existing in a certain area.  Defendant's reading is contrary to explicit statutory language and the relevant contexts that create two different meanings—one for "shall locate" and one for "shall be located."

   This reading does not, as Defendant vigorously argues, render subsection (G) meaningless.  Subsection (G) gives businesses a time period in which to correct a nonconforming use that predates the amendment.  A business would need a time period only if the ordinance rendered preexisting conditions nonconforming, which is how Defendant interprets subsection (B).  Defendant's argument cannot prevail.  Subsection (G) applies to the entire text of section 30-5-2.73.5, which bans a variety of conditions.  As discussed above, some parts of section 30-5-

6

2.73.5 do appear to ban preexisting conditions.[2]  <u>See, e.g.</u>, City of Greensboro, N.C., Dev. Ordinance § 30-5-2.73.5(C).  Moreover, nothing in subsection (G) requires it to apply in full effect to all other parts of section 30-5-2.73.5.  Thus, the court's interpretation does not render subsection (G) meaningless because it applies to other, relevant parts of section 30-5-2.73.5.

In applying the ordinance, Defendant contends that Plaintiffs violated it by having been too closely located to certain properties prior to the enactment of the ordinance. Defendant admits that Plaintiffs have not established a business in the area after the ordinance's enactment.  For the reasons herein above set forth, the moving Defendant is entitled to summary judgment on Count III of the amended complaint.  The court assumes Defendant will not try to enforce the ordinance following entry of this order unless the order is reversed upon an appeal.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the Motion of Certain Plaintiffs for Summary Judgment [19], that is, Plaintiffs Giovanni Carandola, Ltd., Y.K. Enterprises, Inc., Reesaw, Inc., E.K.'s II, Carl Edward Collins, and Treasure Box, Inc., as to Count III of the amended complaint, is GRANTED.

---

[2] The court uses "do appear to ban" only because the precise meaning of this section is not dispositive to this case except to the extent its meaning aids in construction of subsection (B). The court uses this language to affirm that it <u>is not</u> construing this provision as a matter of law.

7

This the 15th day of September 2006.

_____
United States District Judge